Good morning. Will Brody for Appellant Paramount Contractors and Developers. I'd like to reserve four minutes for rebuttal. The bottom line is that the claims in this case were not addressed in the prior cases and could not have been addressed in the prior cases. Could you actually start with telling us what claims are still left in this case? Yes. The only claim that is still left is Paramount Contractors' claim that the city wrongfully denied permit applications under the amended Hollywood SUD ordinance. And that is not by itself a federal question? That is not by itself. So query whether we should be deciding this issue. I mean I understand how it got here because it was joined with a federal issue, but I believe that issue is gone. So we're reviewing a purely state law question here, correct? Well, it's a city law question. Okay, so even more distant from federal court, a city law question. There's no federal question left, correct? Well, the federal issue would be raised judicata. Well, that's the procedural way we might analyze it, but the underlying claim in this case is a state law or a local law complaint, effectively, right? Yeah, it's a claim under the city's municipal code. And absent that federal claim, normally that case would never be in federal court. We filed the case in state court initially, yes. I understand that, and what I'm wondering is, and again I know there's been a lot of litigation in this case over these signs, but I'm wondering why this case should not be in state court now that the federal claim is gone. Shouldn't this case, this is a state or local law claim, why shouldn't this case be in just back to state court? Well, we do think it should be sent back to a trial court, and we haven't addressed the issue of whether it should be in federal or state court, but as it stands now, there are no federal issues yet left, so that would be correct. As it stands currently, we have a district court decision in the federal court saying that we cannot proceed with the case. And so at this stage, we need the federal court to do something about that. In any event, with respect to the res judicata issue currently at issue, the original cases were filed 11 years ago. Can we go back to your claim? You said that Paramount's remaining claim is that the city wrongfully denied permits under the new ordinance. Is that correct? Yes. Under the amended ordinance. And as I was reading the application or the nature of the claim expressed in the complaint, it related to, it seemed to say that Paramount should have been given a permit under the old ordinance, and had it been given a permit under the old ordinance, then it would be eligible for a grandfathered permit under the amended ordinance. Am I reading that correctly, or is there a different way to look at that? In our current complaint in this case? Yes. There is a different way to interpret that. Okay. Well, what the claim in this case says is that under the amended ordinance, there's a section 6K. And that's the grandfather one, right? That's the grandfathering permit. But you never actually got a permit, so you don't have anything to be grandfathered. Well, grandfathering in this case is a specific statutory thing that the city created. It's basically the law says that if you have what's called a project permit approval, which is not a permit, it's some sort of kind of pre-permitting document, engineering-type document. If you have that, if you've done the work with respect to super graphic signs, you're entitled to get a super graphic approval. It's not a permit. And there's a specific code provision that the city put in, I think it was 2010, saying that they're calling it grandfathering, but you can call it whatever you want. It says if you have this, the ban on super graphics doesn't prevent you from getting a permit. And so the position of the city is that you have that document? The position of my client, Paramount, is we have that document. That's what we allege in the complaint, very clearly that we have project permit approvals, which Paramount does, for super graphics, and therefore when it applied in 2015 to get super graphic signs under this provision 6K, the city should have granted them. So the city argues that these claims either were or could have been raised and were resolved in Paramount 2 because both the first and the second amended complaint were after the amendment to the ordinance and that something analogous to this claim was raised at that time. Is that wrong? So what happened in Paramount 2 was Paramount challenged the constitutionality of the amended Hollywood SUD ordinance. And it raised one question with respect to grandfathering and vesting. It said had Paramount's permits under the old ordinance been granted, Paramount would have been vested or grandfathered. So did you not have the relevant document at that time? Paramount did, but what the issue was that they hadn't applied for those permits yet. So the city hadn't wrongfully denied them permits. At the time, Paramount believed that it already had a right to erect permits under the old ordinance, which are a little different than the new ordinance, and it was seeking damages under the old ordinance. And, in fact, the signs were up for a long time during the pendency of these cases. When we raised the issue that had the permits under the old ordinance been issued, it would have been vested and grandfathered, that was a damages claim. The district court actually said in Paramount 2 that Paramount couldn't bring that claim because Paramount had not alleged that its permits had been wrongfully denied under the amended ordinance and that the amended ordinance had not been applied to Paramount. In other words, the district court says we couldn't bring the claims we're bringing now because nothing had happened yet to deny Paramount claims. So now the city is arguing that that prior case bars us from bringing those claims again when, in fact, there was nothing we could have done to bring them at the time because the city had never evaluated whether Paramount was entitled to permits under the amended ordinance and the court had never evaluated it. And, in fact, the court refused or said it wouldn't even look at it or it wouldn't be a relevant issue. So now we're bringing those claims that we couldn't bring before. I'm looking at the second amended complaint from Paramount 2, and the way that the argument was framed was plaintiffs also seek a declaration that under the amended Hollywood SUD, its permit applications are or should have been grandfathered. It sounds like that's a request for a declaration that the city was required to grant the permit that you're now arguing it wrongfully denied. That is not exactly what we were saying. We were saying that had we been issued those permits, we would have been grandfathered or vested. And in any event, what the district court said is we couldn't make that claim yet. It's pretty clear in the district court's ruling dismissing the second amended complaint in Paramount 2 that we had no claim for wrongfully denied permits because we hadn't applied for them yet under the amended ordinance. So the district court wouldn't hear that argument. It was essentially correct. The city hadn't looked at the issue, hadn't said no to Paramount, and therefore Paramount had no claim. The claims in Paramount 2 really did focus on the wrongful denial of the original permits and constitutional issues. If you look at the briefing in that case, the issue of wrongful denial permits under the amended ordinance in Section 6K, it is nowhere to be found. But how is the requested declaration anything different from a claim that as a matter of law, the city was required to grant your permit under the amended SUV, SUD? Well, the declaration here we're saying that Paramount, that the city did something wrong by not denying, by not granting it permits. At the time there, it was more, it would have been a theoretical declaration. And in fact, what Paramount was arguing was that its permits under the old ordinance should have been granted. When the Paramount 2 was originally filed, the amended ordinance wasn't even in effect. So that's what that case concerned. We cited case after case after case, and when circumstances change, when the facts change, res judicata doesn't apply. And that's exactly what happened here in 2015 when for the very first time we filed new permit applications which the city denied. So just to make sure I'm clear, so you argued in Paramount 2 that you were eligible for permits under the amended ordinance, and that's different from your claim here because now you've actually applied? Well, first of all, we did not argue we were eligible for permits under the amended ordinance in Paramount 2. Is there any other way to read, we want a declaration that under the amended Hollywood SUD our permit application is or should be grandfathered? Yes, because that would involve the permits under the old, the permits applied for under the old ordinance. I thought you told us grandfathered was a term of art which includes having a particular document which you had at the time you made this complaint. It is. It concerns project permit approvals. So what we were arguing there is it was more of a damages, it was a damages issue, in other words. It said had the city given us those permit applications, we would have had, given those permits, they would have been effectively vested going forward. This case is saying we applied with the project permit approvals and... But you said the project permit approvals is what entitles you to grandfathering. So if we read into the complaint, because we had applied for the old permits and because we have project permit approvals, we were entitled to permits. Wouldn't that cover your current claim? No. Well, if that's how you read it, which is not how I read the amended complaint, if you read the constitutional claim, there's a section there where it says had Paramount's applications under the old ordinance been granted, it would be vested or grandfathered. That's how I read that complaint. If you read it how you're suggesting it could be read, the issue then becomes whether we could have even made that claim because we hadn't applied. And that's what the district court said, that there's no action to challenge here because the city hasn't denied permits. But the permit approval documents entitle you to grandfathering? Yes, the project permit approvals. Project permit approvals. Entitle you to grandfathering, which is your claim. And so the opposing counsel says, well, of course, either that was asked for or could certainly have been asked for in the complaint since you're asking something very analogous. Well, we couldn't have asked for it at the time because we hadn't applied. You have to apply for a permit. Well, how does this work then? How could you be grandfathered? How could you be entitled to be grandfathered under the amended ordinance if you hadn't applied, which you were asking? What we were saying there was a damages issue. So had the city granted Paramount's permit applications? There's different types of grandfathering too. I mean, Paramount, those applications would have been vested a grandfather under the old permits. So by not doing that, Paramount had been damaged. In this case, we're saying something entirely different. The city should have looked at and granted our applications in 2015. And I'd like to – I have two minutes left if I can reserve it. Good morning, Your Honors. I don't really have that much to add. I just wanted to clarify a couple of things. This series of litigation has been going on since 2007, so I think I want to clarify that in what we call Paramount II, which was the second lawsuit. In 2010, the city adopted the amended ordinance, the amended Hollywood Special Use District, which is now at issue in the case before you. And then a few months later, also in 2010, Paramount brought its second amended complaint in the Paramount II case. And there's a whole series I went through. I don't want to go through them in exhaustive detail, but if you look at the Paramount II Ninth Circuit decision, which is 805F2-977, if you look at page 984, there's a discussion of Claim No. 2, which is grandfathering related to the amended SUD. And then on page 985, there's a discussion of Claim No. 5, which also relates to the grandfathering exception. Page 985, Claim No. 6 of Paramount, it's an as-applied challenge to the amended SUD because what they said then is, you know, only large companies could afford the sign takedown, and we're discriminated against because we're a small company. And then finally on page 985 of that opinion, there's a discussion of Claim No. 10, where it's the deck relief claim that you've been talking about, where Paramount says that its permits should be deemed grandfathered under the amended SUD. So the amended SUD, it's already been litigated in Paramount II, and now they're trying to resurrect that claim and relitigate, you know, slightly different arguments today under the amended SUD. Well, they say that the declaratory relief claim just went to damages and they had never the court rejected their wrongful denial claim under the amended ordinance because they had never actually applied, and now they have applied. So that makes it distinct. I don't think that makes any difference because once you apply for permits, that's sort of your ticket to get into federal court, so to speak. So at that point in Paramount II, the city and Paramount were litigating over the city's application of its ordinance to Paramount's application for permits. Then the city amended its regulations, and of course Paramount filed an amended complaint challenging the city's new set of regulations, the amended SUD. So, of course, those were at issue in that case, and Paramount was arguing that it was still entitled to approvals or permits for its signs under the amended regulations. So it's already been litigated, and I don't think that it makes any difference that now they are specifically naming Section sub K of the amended SUD. They made all those arguments regarding grandfathering in Paramount II, so there's really no difference, and that's why res judicata should apply because it's really the same transactional set of facts. You can describe it in slightly different ways, but it's the same case. Let me ask you this. As I read Paramount I and II, it's all about these super graphics. Yes. When I read Paramount III, it seems to be about temporary sign displays or TSDs and super graphics. Yes. I understand them to also be saying about wall signs, and wall signs, I understand, are different than super graphics. Yes. Okay, you don't need to make that concession. Let me just ask you this. As to wall signs, what earlier decision or litigation specifically dealt with wall signs as opposed to super graphics or temporary sign displays? Well, let me address that by asking you to consider the city sign regulations. The city has different types of approvals that it allows under the amended SUD, and parties, because I've dealt with many of these applicants for sign permits, what they do is they look at the SUD. It's physically the same sign. They may need to adjust a little bit. For example, and I don't have the ordinance in front of me, but for example, the ordinance might allow you to have super graphics to be of a certain size, and then you can also have wall signs, and they might be slightly smaller, but it's essentially the same sign. So if you go through the amended SUD and then also through the city's citywide sign regulations, many times there are different routes to the same physical sign. It can be called a wall sign. It might be called a super graphic. It might be called something else in certain situations, and you have to comply with that part of the ordinance. Sometimes there are slightly different size restrictions, but other than that, they're still applying for the same physical signs on their property. But what I hear you saying is that none of the cases specifically addressed wall signs. They addressed some form of sign, and your argument is that for a ratio to cop purposes, that's close enough. Yes, it is close enough. And they're saying, well, they have a lot of arguments, but as to the wall sign issue, I think they're saying, no, it's not close enough. Well, yes, the issues will all be the same. The grandfathering is still the same. In order to qualify for grandfathering, they have to argue that they have a project permit compliance for a super graphic sign. So I really think that that's the key part of their argument is the grandfathering, and that all relates to super graphics. Did the district court, as I read the district court's opinion in this case, it relied heavily on Paramount 3 as to the wall sign issue. But Paramount 3 didn't address wall signs. It addressed temporary sign displays, which I understand are, I mean, this, again, can be very confusing, all the differences between these signs. But I didn't read the district court's opinion to actually specifically say where in Paramount 3 they discussed wall signs. Did I miss something in that decision? I don't recall, Your Honor. I would have to go back and look at it again. I guess my general impression is that we have litigated almost every issue in this case, and I would be surprised if wall signs hadn't come up at some point in Paramount 1, 2, or 3 before this case, but I don't know if it was. I didn't see it. So I was hoping you could say, oh, well, of course, it's in Paramount 1, page 25, and then I'd be, okay, good, we've talked about wall signs. But I didn't see any discussion of wall signs. Well, that's right. But, again, Your Honor, it's the same physical signs, and I think the cases have addressed that. So that would kind of go in my categorization of the close enough. Yes, yes, I think so. So for purposes of res judicata, is it the same nucleus of transactional facts or whatever formula we use? And if so, why would that be if it's a different ordinance? It's not a different ordinance, Your Honor. It's the same ordinance. It's just a different provision. A different route. Yes, it's a different route, but physically they're the same signs.  But, you know, historically and for other reasons, there are, you know, different labels for what is physically the same thing. So if we're looking at Paramount 3, then we're looking at it's not the same nucleus. It's the same primary right. Yes, it is the same primary right. Same physical sign. Same right to have large signs on their properties in Hollywood. Thank you. Can I go back to the first question I asked your opposing counsel? Yes. So the only claim left in this case is not a federal one, correct? I believe so. It's a statutory interpretation case. Of a municipal code section. Of a municipal code section. If we were to send this case back to the district court and just say, District Court, you have the discretion under 1367 to hang on to this case or get rid of it, you decide. I know that's probably not what you probably want this thing to be over with, and I appreciate that. But do you know any authority that says that we cannot do that? No, Your Honor. You can do that. Would we have to vacate the district court's opinion? How, in fact, would that work procedurally? Because the district court said that it was dismissed it based on race judicata grounds. Yes, I don't know whether you would do that. But I would suggest at this late stage, you've already looked at this, you're already in the minutes before your decision. I think you have the authority to render this decision, and I would ask you to do so. Do we have the authority not to render a decision? How would we do that? Well, I haven't thought about that. But as far as I can tell, you have authority to do a lot of things. Well, we do a lot of things. The authority question is sometimes different. Yes, exactly. I haven't thought about that. I think conceptually I couldn't see any reason why you couldn't, but there are a lot of procedural hurdles. And I think I've covered most everything I wanted to cover. I just wanted to briefly touch on the issue of what type of permit Paramount had. They had a permit for what is called a temporary special display. This is a type of sign that the city used to issue under the old SUD, but no longer issues. And so that permit expired after 120 days, and Paramount had their signs up for several years after that. And they never had an approved project permit compliance. They applied for the process, but they never got that type of permit. So they have a temporary special display, but that doesn't qualify them for grandfathering under Section 6K of the amended SUD. They say they have a project permit approval, which is a document qualifying them for grandfathering. Well, I think they're arguing that their temporary special display and the fact that they applied for the project permit compliance, but they never got that approved. So the whole idea in the amended SUD is that you have grandfathered rights to a supergraphic sign if in the past you have gotten an actual permit approved for a supergraphic sign. It's so simple that it almost doesn't need to be in the city's amended SUD, but it was put in there just to clarify that if you already had that permit, of course you get to grandfather it and you get to keep that permit. But we're here on a motion to dismiss. Is it your contention that all of those facts that you just laid out are undisputed? That they are undisputed? Yes. The district court granted a motion to dismiss here. So are we in a position to delve into whether their version of the facts or your version of the facts is actually right? Well, but I don't think it's necessary because the decision is based on race judicata, and I think there are certainly facts from all the prior litigation, and in this case that make it clear that you can decide on race judicata grounds. The court did not reach the statutory interpretation issue of Section 6K. Well, it hasn't been briefed in this case. The district court did reach that, and they had enough. Yes, there were enough facts to decide that issue. Undisputed facts. Yes, undisputed facts, yes. All right. Thank you. Thank you. Thank you. I just want to briefly touch on the issue of whether we've litigated the issue of grandfathering under the amended SUD ordinance. The fact is that the district court in Paramount 2 did construe our claims as not including a denial for wrongfully denied permits. It says Paramount, in looking at the grandfathering question, it says, Paramount's contention fails because Paramount has not pled a claim that its permits were wrongfully denied. That's at page 985 of the district court's decision in Paramount 2. In other words, Paramount was denied the chance to bring these claims then. The district court says you can't do it. You haven't applied. So that puts Paramount in a terrible position because now it's applied, doing what the district court said it needed to do, and the city is saying, well, it's too late. You should have done it before. And that's why it should be allowed to continue litigating this case. The city claims that this case has been litigated before. That is simply not true at all. That's a misrepresentation of the record. We have not addressed Section 6K. There are factual issues the city raised as to the scope of the permits, whether they're temporary special displays or not. Those are not on the record.  We do contend that the scope of the permits. And these are issues that a court has never looked at. Had it been, this would have been on the record in Paramount 2. With respect to wall signs, the city's position is basically nonsense. The code, the municipal code, and this is in our briefing, specifically says super graphics do not include wall signs. They are distinct types of signs, like a billboard is a type of sign, a marquee sign, and the rights regarding them are entirely different. I believe my time is up. The case of Paramount Contractors v. City of Los Angeles is submitted, and we're now adjourned for this session.
judges: Ikuta, Owens, Gilliam